# Exhibit "A"

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF** NASSAU
-------------------------------------------------------------------x
RAFAEL A. LASKOWSKI as Parent and Natural Guardian of
VIVIAN LASKOWSKI, an Infant
                              Plaintiff/Petitioner,

          - against -                                      Index No.    603597/2022

MOUNTAIN CREEK SKI RESORT , INC

                              Defendant/Respondent.
-------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

    **You have received this Notice because**:

        1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

        2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> **have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

    - serving and filing your documents electronically

    - free access to view and print your e-filed documents

    - limiting your number of trips to the courthouse

    - paying any court fees on-line (credit card needed)

    **To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 3/23/2022

JOSEPH C. ANDRUZZI
Name

ANDRUZZI LAW
Firm Name

326 Broadway, Suite 200
Bethpage, New York 11714
(516) 433-8600

Phone

jcandruzzi@andruzzilawoffice.com
E-Mail

To:
MOUNTAIN CREEK RESORT, INC.      200 NJ-94, Vernon Township, NJ 07462

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NASSAU
----------------------------------------X

**RAFAEL LASKOWSKI as Parent and Natural Guardian of VIVIAN LASKOWSKI, an Infant**

                                    *Plaintiffs,*

   -against-

**MOUNTAIN CREEK RESORT, INC.**

                                    *Defendants.*
----------------------------------------X

Index#
Date filed:

## SUMMONS

**PLAINTIFF(S) DESIGNATE NASSAU COUNTY AS THE PLACE OF TRIAL.
THE BASIS OF THE VENUE IS PLAINTIFFS' RESIDENCE/PRINCIPAL PLACE OF BUSINESS**

Plaintiff **RAFAEL LASKOWSKI** resides at 1030-26 Franklin Avenue, Valley Stream, NY 11580; Defendants **MOUNTAIN CREEK RESORT, INC.** a foreign corporation, maintains offices for the transaction of business at 200 NJ-94, Vernon Township, NJ 07462.

## TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer if any, or if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

      The relief sought is a judgment against you in favor of Plaintiff **RAFAEL LASKOWSKI as Parent and Natural Guardian of VIVIAN LASKOWSKI, an Infant,** in an amount to be determined by a jury at trial of this action along with the costs and disbursements of this action for physical injuries and damages caused by the negligence, recklessness, gross negligence, vicarious liability and other culpable conduct of Defendants in the operation, maintenance and control of their ski lift equipment at the triple chair lift, striking and injuring the Plaintiff's-Infant on or about 2/25/2022 at approximately 10:00AM at the Mountain Creek ski resort 200 NJ-94, Vernon Township, NJ 07462 (incident report# 220225-0001).

      Upon your failure to appear, judgment will be taken against you by default for the relief prayed and the costs of this action.

Dated: Bethpage, New York
        March 22, 2022

                                                      Yours etc.,
                                                      JOSEPH C. ANDRUZZI
                                                     *Attorney for Plaintiffs*
                                                     326 Broadway, Suite 200
                                                     Bethpage, New York 11714
                                                     (516) 433-8600

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NASSAU
------------------------------------------------------X            Index#:
RAFAEL LASKOWSKI as Parent and Natural Guardian
of VIVIAN LASKOWSKI, an Infant                                     **VERIFIED
                                                                   COMPLAINT**

                                    *Plaintiffs,*

             -against-

**MOUNTAIN CREEK RESORT, INC.**

                                    *Defendants.*
------------------------------------------------------X

     Plaintiff(s), **RAFAEL LASKOWSKI as Parent and Natural Guardian of VIVIAN LASKOWSKI, an Infant,** complaining of the Defendant(s) **MOUNTAIN CREEK RESORT, INC.**, by his attorneys, JOSEPH C. ANDRUZZI, ESQS. allege upon information and belief as follows:

     1.     That at all times hereinafter mentioned, Plaintiff(s) **RAFAEL LASKOWSKI as Parent and Natural Guardian of VIVIAN LASKOWSKI, an Infant,** reside at 1030-26 Franklin Avenue, Valley Stream, NY 11580.

     2.     That at all times hereinafter mentioned, Defendant(s) **MOUNTAIN CREEK RESORT, INC.** a domestic corporation, maintains offices for the transaction of business at 200 NJ-94, Vernon Township, NJ 07462.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

     3.     That at all times hereinafter mentioned, Defendant(s) owned, maintained, operated, controlled, constructed, or otherwise undertook inspection or maintenance activities at the triple chair lift, ski lift equipment, its chairlift loading area and mechanical system(s) situs and instrumentalities of an accident subject of the instant action, at the Mountain Creek ski resort 200 NJ-94, Vernon Township, NJ 07462 (Defendant incident report# 220225-0001) (hereinafter, alternatively, the "Premises" or collectively, "ski lift").

4. Defendant(s) owned the Premises.

5. Defendant(s) maintained the Premises.

6. Defendant(s) operated the Premises.

7. Defendant(s) controlled the Premises.

8. Defendant(s) constructed the Premises.

9. Defendant(s) performed grounds work upon the Premises.

10. Defendant(s) undertook inspection at the Premises.

11. Defendant(s) undertook maintenance activities at the Premises.

12. On 2/25/2022 at approximately 10:00AM Plaintiff(s')-Infant **VIVIAN LASKOWSKI** was lawfully on the Premises as a ski patron when she sustained serious and permanent injuries as hereinafter described when she was struck by the ski lift chair as a consequence of the hazardous operation and condition of the ski lift as herein described.

13. Plaintiff was struck in the head, neck and back and thrown violently by the ski lift while she struggled to intervene in the imminent hazard occurrence of uncontrolled ski lift movement and a physical strike leveled upon her seven year old brother by the ski lift, which presented as a trap or snare; the ski lift equipment and chair violently striking and throwing the Plaintiff(s')-Infant **VIVIAN LASKOWSKI**; the ski lift being outside of controlled operation and being broken and in disrepair.

14. The hazardous condition(s) were created and permitted to remain by the Defendant(s), rendering the ski lift extremely dangerous, hazardous and otherwise defective.

15. The accident and the injuries to the Plaintiff(s')-Infant occurred solely due to the negligence and/or other culpable conduct of the Defendant(s) without any negligence on the part of Plaintiff(s) or Plaintiff(s')-Infant contributing thereto.

16. The Defendant(s) were negligent, carelessness, recklessness and/or willfully culpable in causing the accident.

17. The negligence, carelessness, recklessness and/or willful conduct of the Defendant(s), personally and through their agents, servants and employees consisted, additionally, amongst other things, in the failure to control their ski lift; in failing to maintain safe operation and control of the ski lift; in acting in such a careless and negligent manner as to cause the happening of the accident; in failing to use adequate and sufficient care and caution to prevent the accident; in failing to undertake proper and/or adequate safety measures to prevent a hazard and nuisance from endangering the Plaintiff(s)-Infant by Defendant(s') conduct; in failing to exercise sufficient control and assure safe operation of the ski lift; in failing to give warning to Plaintiff(s) or Plaintiff(s')-Infant of the ski lift system's unattended and otherwise hazardous operation in and around the time the occurrence as to prevent the accident leveled upon the Plaintiff(s')-Infant, and in general, acting in such a careless and negligent manner as to cause the accident.

18. Defendant(s) failed to undertake proper and/or adequate safety measures and/or survey to prevent the hazard, trap and nuisance from endangering the Plaintiff(s')-Infant in particular; Defendant(s) failed to observe and take sufficient heed of the status of ski lift movement; failed to control the moving ski lift, failed to assure controlled, safe operation.

19. Additionally, the negligence, carelessness, recklessness and/or willful conduct of the Defendant(s), personally and through their agents, servants and employees consisted in, amongst other things; failing to adequately supervise and train Defendant(s') agents, servants and employees in the proper fashion and standards for safe ski lift operations.

20. Defendant(s) maintained written rules, protocols, guidelines or procedures for the inspection, maintenance, use and operation of the ski lift system for the protection of lift

patrons.

21. Defendant(s) created and/or possess video surveillance of the situs of the accident.

22. Defendant(s) created and/or possess video surveillance of the happening of the accident.

23. The Defendant(s) had actual notice of the aforementioned dangerous conditions.

24. The dangerous condition(s) existed for so long a period of time that the Defendant(s) knew, or should have known, by the exercise of reasonable care and diligence of the existence of same.

25. Defendant(s) actually created the dangerous conditions.

26. As a result of the ski lift accident caused by the negligent and otherwise culpable conduct of the Defendant(s), Plaintiff(s')-Infant was severely injured and damaged and was rendered, sick, sore, lame and disabled, sustained nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration and Plaintiff(s) will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff(s')-Infant incurred and in the future will necessarily incur further hospital and medical expenses in an effort to be cured or treated of said injuries; Plaintiff(s) have and in the future will necessarily suffer additional medical expenses and other economic losses, all due to the culpable conduct of the Defendant(s) and all to the Plaintiff(s') great damage. The full nature and extent of the injuries suffered is subject to continuing investigation and treatment.

DocuSign Envelope ID: C1DEE935-15AD-460E-94A2-5BEF47B14F28

**WHEREFORE** Plaintiff(s) **RAFAEL LASKOWSKI as Parent and Natural Guardian of VIVIAN LASKOWSKI, an Infant** demand judgment on the First Cause of Action against Defendant(s) **MOUNTAIN CREEK RESORT, INC.**, joint and severally, in an amount to be determined by a jury at trial of this action together with costs, interest and disbursements of this action.

Dated: Bethpage, New York
March 21, 2022

YOURS ETC.,
JOSEPH C. ANDRUZZI, ESQS.
*Attorneys for Plaintiff*s
326 Broadway, Suite 200
Bethpage, New York 11714
(516) 433-8600

## VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

**RAFAEL LASKOWSKI**, being sworn says:

I am the Plaintiff in the action herein; I have read the annexed Verified Complaint and know the contents thereof and same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

DocuSigned by:
*Rafael Laskowski*
B9ED53AE3F6D4AE...
**RAFAEL LASKOWSKI**

Pursuant to New York Electronic Signatures and Records Act Executive Law § 135-c
**Sworn to before me this** Tuesday, March 22 2022, 03:36:12 PM

NOTARY PUBLIC

JOSEPH C. ANDRUZZI
Notary Public, State of New York
No. 02AN5033475
Qualified in Nassau County
Commission Expires 9/19/ 2022

6 of 6